IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED

2008 JUL 10 P 3: 34

| STANLEY STILES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:08-CV-156 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) Edgar/Carter |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Hamilton County, Tennessee, at Chattanooga Case No. CV-08C698, where it is currently pending, to the United States District Court for the Eastern District of Tennessee. This cause is removable pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Stanley Stiles instituted a civil action against Hartford in the Circuit Court of Hamilton County, Tennessee, at Chattanooga on May 30, 2008. A true and correct copy of all process and pleadings as served upon Hartford on June 12, 2008 is attached hereto as Exhibit "A" and is incorporated herein by reference.

01661130.2

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This Notice of Removal is filed within thirty (30) days after receipt by Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Eastern District of Tennessee is the federal judicial district embracing the Circuit Court of Hamilton County, Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff Stanley Stiles is a resident and citizen of Hamilton County, Tennessee. *See* Complaint ("Compl.") at ¶ 1.

6. Defendant Hartford is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of causes of action.

7. Accordingly, there is complete diversity of citizenship because Plaintiff is a resident of Tennessee and no defendant in this case is a resident of Tennessee.

## AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint alleges a variety of common law claims and seeks compensatory and punitive damages relating to the alleged improper failure to pay benefits under an insurance policy. Plaintiff alleges breach of contract against Hartford in Count I, violations of

01661130.2

Tennessee Consumer Protection Act, Tennessee Code §47-18-101 and §47-18-109 in Count II, and bad faith failure to pay claims under Tennessee Code §56-7-105(a) in Count III.

9. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. A lower burden of proof is warranted where damages are unspecified, such as in the instant case, because there is simply no estimate to which a court may defer. *Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006)(finding claims removable when it was more likely than not that potential cost of state claims to defendant would exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000).

10. Hartford denies that it breached the disability policy and further denies any conduct that would trigger liability under the Tennessee bad faith or Consumer Protection statutes. Nonetheless, in evaluating whether subject matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

11. Plaintiff seeks well over $75,000 in damages from Hartford. Upon information and belief, Plaintiff's compensatory claim seeks damages under the Policy through January 2019. These compensatory damages alone exceed this Court's $75,000 jurisdictional minimum. Also, as requested in Plaintiff's prayer for relief, Plaintiff's claim for bad faith, if proven, would enable Plaintiff to receive an additional 25% of the contractual liability. Moreover, Plaintiff's claims under the Consumer Protection Act, if proven, could treble the damages afforded to Plaintiff. Indeed, Plaintiff made a pre-litigation demand in an amount totaling many multiples of the minimum jurisdictional threshold. Finally, attorney fees under the Tennessee Consumer

3

01661130.2

Case 1:08-cv-00156-RAE-WBC   Document 1   Filed 07/10/08   Page 3 of 6   PageID #: 3

Protection Act and bad faith statute are to be considered in determining whether state law claims under those statutes satisfied the amount in controversy requirement for removal. *See Williamson*, 481 F.3d at 376-377. Accordingly, the $75,000 jurisdictional threshold is satisfied in this case beyond any doubt.

## MISCELLANEOUS

12. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Hamilton County, Tennessee, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. Defendant has not sought similar relief.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee.

16. All properly joined and served Defendants join in and consent to removal of this case to the United States District Court for the Eastern District of Tennessee, and this cause is removable to the United States District Court for the Eastern District of Tennessee.

17. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its counsel, prays that the above action currently pending against it in the Circuit Court of Hamilton County, Tennessee, be removed therefrom to this Court.

Respectfully submitted this 9th day of July, 2008.

*/s/ Grace R. Murphy*
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy

Attorneys for Defendant Hartford Life and Accident Insurance Company [applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**

Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

5

01661130.2

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 9th day of July, 2008:

Eric L. Buchanan
R. Scott Wilson
D. Seth Holliday
414 McCallie Avenue
Chattanooga, Tennessee 37402

                                              /s/ Grace R. Murphy
                                              OF COUNSEL